**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YONELIKA JEAN-PIERRE, individually and on behalf of all others similarly situated,<br><br>                                        Plaintiff,<br>                    v.<br><br>WALGREEN CO.,<br><br>                                        Defendant. | Civil Action No.: 21-CV-1452<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff YONELIKA JEAN-PIERRE (hereinafter "Plaintiff" or "Named Plaintiff") brings this class action for damages and other legal and equitable relief against Defendant WALGREEN CO. ("Defendant"), upon personal knowledge as to herself and upon information and belief as to all others similarly situated ("Class Plaintiffs" or the "Class"), for violations of the New York State Labor Law ("NYLL"), the New York Code of Rules and Regulations ("N.Y.C.R.R."), The New York Wage Theft Prevention Act, and any other causes of action that can be inferred from the facts set forth herein:

## INTRODUCTION

1. This is an action brought by Plaintiff challenging acts committed by Defendant against Plaintiff and the Class amounting to class claims of violations of Federal and State wage and hour laws.

## PARTIES

2. Plaintiff is a resident of the State of New York.

3. Upon information and belief, Defendant WALGREEN CO. is a foreign corporation incorporated pursuant to the laws of the State of Illinois.

4. Upon information and belief, Defendant owns and operates pharmacies throughout New York State.

1

5. Defendant engages in interstate commerce, produces goods for interstate commerce, and/or handles, sells, or works on goods or materials that have been moved in or produced for interstate commerce.

6. Upon information and belief, at all relevant times, Defendant was an "employer" within the meaning of all applicable statues, and an enterprise engaged in commerce as defined by the FLSA, with annual gross volume of sales made or business done in an amount not less than $500,000.

7. Plaintiff was throughout her entire employment with Defendant, a covered, non-exempt employee within the meaning of the NYLL and the FLSA. As such, Plaintiff was, and is, entitled to be paid in full for all hours worked.

## JURISDICTION AND VENUE

8. The damages sought for Plaintiff individually, inclusive of attorneys' fees, are in excess of $75,000.

9. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

10. The damages sought on a class-wide basis, inclusive of attorneys' fees, are in excess of $5,000,000.

11. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

12. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor law.

13. Venue is further proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of all hourly workers who were employed at any time during the period commencing six years prior to the filing of this action and continuing until such further date as the practices complained of are discontinued (the "Class Period").

15. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). Plaintiff seeks to represent a class consisting of similarly situated employees who worked for Defendants in New York as non-exempt hourly workers who (1) earned the applicable minimum wage and wore uniforms, and/or (2) were manual workers (the "Class").

16. Hereinafter, members of the Class will be referred to as "Class Plaintiffs."

17. The Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to the Plaintiff, and calculation of such number would require facts in the sole control of Defendants, upon information and belief the size of the Class is believed to be in excess of 3,000 individuals. In addition, the names of all potential members of the Class are not known.

18. The Class Plaintiffs are manual workers as defined in the New York Labor Law, having spent more than 25% of their working time engaged in physical labor.

19. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

20. Plaintiff has identified several causes of action applicable to the Class, including, but not necessarily limited to, Defendants': (a) failure to timely pay Class Plaintiffs all wages owed; and (b) failure to pay statutory wages for uniform maintenance.

21. There is no conflict between Plaintiff and any other member of the Class.

22. The questions of law and fact common to the Class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, the following:

   a. whether Plaintiff and Class Plaintiffs were required to wear uniforms during the course of their employment;

   b. whether Defendant offered to launder or otherwise maintain Plaintiff's and Class Plaintiffs' uniforms free of charge and with reasonable frequency;

   c. whether Plaintiff and the Class Plaintiffs earned the minimum wage;

   d. the damages to which Plaintiff and Class Plaintiffs are entitled due to the Defendants' repeated delayed payment of wages under NYLL § 191(1); and

   e. whether Plaintiff and Class Plaintiffs engaged in in manual labor.

23. The Plaintiff's claims are typical of the claims of the class she seeks to represent. Plaintiff and all of the Class members work, or have worked, in the State of New York for Defendants. They all spent at least 25% of their time engaged in manual labor.

24. Plaintiff and Class Plaintiffs were all subject to Defendants' policies and willful practices regarding the payment of their wages, and thus, Plaintiff and Class Plaintiffs have sustained similar injuries as a result of Defendants' actions.

25. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and all procedures to non-exempt hourly employees who work at Defendants' locations in New York State.

26. Plaintiff understands that as class representative, she assumes a fiduciary responsibility to the Class to represent its interests fairly and adequately. Plaintiff recognizes that

as class representative, she must represent and consider the interests of the Class just as they would represent and consider their own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the Class. Plaintiff recognizes that any resolution of a class action must be in the best interest of the class. Plaintiff understands that in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel, and testify at depositions and/or trial.

27. The defenses that Defendants are likely to assert against the Plaintiff's claims are typical of the defenses that Defendants are likely to assert against the Class.

28. Plaintiff and her counsel will fairly and adequately protect the interests of the Class. The Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Although the relative damages suffered by individual Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Plaintiff and the Class members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

30. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(1)(B) in that prosecuting separate actions by individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

**FACTS**

31. All of the below factual allegations are, upon information and belief, consistent among Plaintiff and all members of the Class.

32. Plaintiff was employed by Defendants from approximately July 2018 through August 2019.

33. Plaintiff was at all times during her employment with Defendant an hourly-paid employee of Defendant earning the applicable minimum wage.

34. Plaintiff performed work for Defendant in New York State.

35. Plaintiff was regularly scheduled for multiple shifts per week.

36. Plaintiff spent at least 25% of her time engaged in physical labor, including, but not limited to, checking inventory, stocking shelves, working the cash register, and other duties.

37. Plaintiff was at all times during her employment with Defendants a manual worker.

38. Throughout her employment with Defendants, Plaintiff was paid on a bi-weekly basis.

39. New York Labor Law § 191 requires Defendants to pay manual workers employed in the State of New York "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned."

40. Under NYLL § 191(1)(a)(i) & (ii), an employer may obtain authorization from the commissioner of labor to pay manual workers "in accordance with the agreed terms of employment, but not less frequently than semi-monthly."

41. Upon information and belief, Defendants are not authorized by the commissioner to pay manual workers, including the Plaintiff, on a bi-weekly basis.

42. Plaintiff was required to wear, and did wear, a uniform consisting of a shirt emblazoned with Defendant's logo.

43. At no time was Plaintiff ever paid uniform maintenance pay.

44. Defendants' pattern of conduct was continuous throughout Plaintiff's employment.

45. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF AND THE CLASS
### For Violation of the New York Labor Law – Timely Pay

46. Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

47. The wage provisions of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff and the Class.

48. Plaintiff and the Class were manual workers as defined by the NYLL.

49. Pursuant to the NYLL § 190 *et seq*. including, but not limited to §§190, 191, 193, 198, 650, and 652 the Defendants have willfully failed to pay Plaintiff wages for all hours worked in a timely fashion as set forth in the preceding paragraphs of this Complaint to Plaintiff.

50. Defendants failed to timely pay Plaintiff and Class Plaintiffs the wages to which they are entitled under the NYLL and other supporting New York Department of Labor Regulations on a weekly basis.

51. By Defendants' knowing and/or intentional failure to timely pay Plaintiff and Class Plaintiffs all wages and commissions, Defendants have knowingly violated the NYLL and other supporting New York Department of Labor Regulations.

52. Due to Defendants' violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendants 100% liquidated damages for each failure to timely pay wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF AND THE CLASS
### For Violation of the New York Labor Law – Uniform Maintenance Pay

53. Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

54. Defendants required that Plaintiff and the Class Plaintiffs wear uniforms consisting of a shirt emblazoned with Defendant's logo each shift.

55. Plaintiff and the Class did wear the uniform each shift.

56. Plaintiff and the Class were earned the applicable minimum wage.

57. At no time was Plaintiff ever paid uniform maintenance pay.

58. Defendants did not maintain Plaintiff's and Class Plaintiff's required uniforms under the meaning of the New York Labor Law.

59. Defendants did not, and did not offer to, launder the required uniforms free of charge and with reasonable frequency, and did not inform Plaintiff or Class Plaintiffs in writing of such service.

60. Defendants' conduct is in violation of Article 19 of the New York Labor Law and its supporting regulations, including 12 N.Y.C.R.R. Part 142 the Minimum Wage Order for Miscellaneous Industries and Occupations.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all Class Plaintiffs, respectfully requests that this Court grant the following relief:

1. Certification as a class as described herein pursuant to Rule 23 of the Federal Rules of Civil Procedure;

2. Designation of Plaintiff as representative of the Class and Plaintiff's counsel as lead counsel for the class;

3. All damages which Plaintiff and Class Plaintiffs have sustained as a result of Defendants' conduct, including:

   a. Actual damages;

   b. Liquidated damages equal to 100% of actual damages;

   c. Liquidated damages equal to 100% of untimely wage payments;

4. Awarding Plaintiff and the Class their costs and disbursements incurred in connection with this action including reasonable attorneys' fees;

5. Pre-judgment and post-judgment interest, as provided by law; and

6. Granting such other and further relief as this Court deems necessary and proper.

Dated: Commack, New York
       March 19, 2021

James Bouklas, Esq.
Bouklas Gaylord LLP
*Attorneys for Plaintiffs*
357 Veterans Memorial Highway
Commack, NY 11725
Phone: (516) 742-4949
james@bglawny.com