**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YONELIKA JEAN-PIERRE, individually and on behalf of all others similarly situated, | Civil Action No.: 21-CV-1452 |
| Plaintiff, | **WALGREEN CO.'S ANSWER AND DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT** |
| -against- | |
| WALGREEN CO., | JURY TRIAL DEMANDED |
| Defendant. | |

Defendant Walgreen Co. ("Walgreens" or "Defendant"), by its attorneys and pursuant to Federal Rules of Civil Procedure 7 and 8, hereby asserts the following Answer and Defenses to the Class Action Complaint by Plaintiff Yonelika Jean-Pierre, individually and on behalf of all others similarly situated ("Plaintiff" or "Jean-Pierre"), as follows:

## **GENERAL DENIAL**

Walgreens denies each and every allegation of the Complaint not specifically admitted herein.

Walgreens further avers that any allegation by Plaintiff of being similarly situated to others constitutes a legal conclusion to which no response is required. To the extent a response is required, Walgreens denies that Plaintiff is similarly situated to anyone else and denies all allegations insofar as Plaintiff asserts or implies that collective and/or class treatment is appropriate in this action. Without repeating it in each instance, Walgreens intends for this denial to apply in each instance in which Plaintiff alleges that she is similarly situated to anyone and/or that class and/or collective treatment is appropriate.

## ANSWERS TO PLAINTIFF'S SPECIFIC ALLEGATIONS

Subject to its Additional Defenses, Walgreens pleads as follows to the specific allegations contained in the numbered paragraphs of Plaintiff's Complaint.[1]

## INTRODUCTION

**1.     This is an action brought by Plaintiff challenging acts committed by Defendant against Plaintiff and the Class amounting to class claims of violations of Federal and State wage and hour laws.**

**ANSWER:**  The allegations in Paragraph 1 of the Complaint assert conclusions of law to which no response is required.  To the extent a response is required, Walgreens admits that Plaintiff purports to bring an action against Defendant for alleged violations of law, but denies any violation of the law, denies that Plaintiff is entitled to any relief under any law or regulation, and denies all remaining allegations in Paragraph 1 of the Complaint.

## PARTIES

**2.     Plaintiff is a resident of the State of New York.**

**ANSWER:**  Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegation that Plaintiff currently resides in the State of New York and, on that basis, denies the allegations in Paragraph 2 of the Complaint.

**3.     Upon information and belief, Defendant WALGREEN CO. is a foreign corporation incorporated pursuant to the laws of the State of Illinois.**

**ANSWER:**  Defendant admits the allegations in Paragraph 3 of the Complaint.

**4.     Upon information and belief, Defendant owns and operates pharmacies throughout New York State.**

**ANSWER:**  Defendant admits the allegations in Paragraph 4 of the Complaint.

---

[1] Plaintiff's Complaint contains several headings and/or sub-headings.  Walgreens does not consider these to be substantive allegations of the Complaint to which a responsive pleading is required.  However, to the extent a responsive pleading is required, Walgreens denies any and all allegations contained within any heading or sub-heading of the Complaint.

5.     **Defendant engages in interstate commerce, produces goods for interstate commerce, and/or handles, sells, or works on goods or materials that have been moved in or produced for interstate commerce.**

**ANSWER:**  The allegations in Paragraph 5 of the Complaint assert conclusions of law to which no response is required.  To the extent a response is required, Walgreens denies the allegations in Paragraph 5 of the Complaint.

6.     **Upon information and belief, at all relevant times, Defendant was an "employer" within the meaning of all applicable statues, and an enterprise engaged in commerce as defined by the FLSA, with annual gross volume of sales made or business done in an amount not less than $500,000.**

**ANSWER:**  The allegations in Paragraph 6 of the Complaint assert conclusions of law to which no response is required.  To the extent a response is required, Walgreens denies the allegations in Paragraph 6 of the Complaint, except admits that Walgreens has employed employees in the state of New York.

7.     **Plaintiff was throughout her entire employment with Defendant, a covered, nonexempt employee within the meaning of the NYLL and the FLSA.  As such, Plaintiff was, and is, entitled to be paid in full for all hours worked.**

**ANSWER:**  The allegations in Paragraph 7 of the Complaint assert conclusions of law to which no response is required.  To the extent a response is required, Walgreens admits that Plaintiff was employed by Walgreens and entitled to be paid for all time worked, but denies that Plaintiff is entitled to any relief under any law or regulation, and denies all remaining allegations in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8.     **The damages sought for Plaintiff individually, inclusive of attorneys' fees, are in excess of $75,000.**

**ANSWER:**  The allegations in Paragraph 8 of the Complaint assert conclusions of law to which no response is required.  To the extent a response is required, Defendant lacks information or knowledge sufficient to form a belief as to what Plaintiff seeks, denies that Plaintiff is entitled

to any relief under any law or regulation, and denies all remaining allegations in Paragraph 8 of the Complaint.

**9.      Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).**

**ANSWER:**  The allegations in Paragraph 9 of the Complaint assert conclusions of law to which no response is required.  To the extent a response is required, Walgreens admits that Plaintiff is seeking to invoke jurisdiction in this Court, but denies any remaining allegations in Paragraph 9 of the Complaint.

**10.     The damages sought on a class-wide basis, inclusive of attorneys' fees, are in excess of $5,000,000.**

**ANSWER:**  The allegations in Paragraph 10 of the Complaint assert conclusions of law to which no response is required.  To the extent a response is required, Walgreens denies that Plaintiff is entitled to any relief under any law or regulation, and denies all remaining allegations in Paragraph 10 of the Complaint.

**11.     Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).**

**ANSWER:**  The allegations in Paragraph 11 of the Complaint assert conclusions of law to which no response is required.  To the extent a response is required, Walgreens admits that Plaintiff is seeking to invoke jurisdiction in this Court, but denies any remaining allegations in Paragraph 11 of the Complaint.

**12.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor law.**

**ANSWER:**  The allegations in Paragraph 12 of the Complaint assert conclusions of law to which no response is required.  To the extent a response is required, Walgreens admits that Plaintiff is seeking to invoke supplemental jurisdiction in this Court, but denies any remaining allegations in Paragraph 12 of the Complaint.

13.     Venue is further proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

**ANSWER:**  The allegations in Paragraph 13 of the Complaint assert conclusions of law to which no response is required.  To the extent a response is required, Walgreens admits that Plaintiff is seeking to invoke venue in this Court, but denies any remaining allegations in Paragraph 13 of the Complaint.

## CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of all hourly workers who were employed at any time during the period commencing six years prior to the filing of this action and continuing until such further date as the practices complained of are discontinued (the "Class Period").

**ANSWER:**  The allegations in Paragraph 14 of the Complaint assert conclusions of law to which no response is required.  To the extent a response is required, Walgreens denies the allegations in Paragraph 14 of the Complaint, except admits that Plaintiff purports to bring claims under the New York Labor Law as a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of the proposed class purportedly defined in this Paragraph of the Complaint. Walgreens denies that class treatment is appropriate in this case.

15.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  Plaintiff seeks to represent a class consisting of similarly situated employees who worked for Defendants in New York as non-exempt hourly workers who (1) earned the applicable minimum wage and wore uniforms, and/or (2) were manual workers (the "Class").

**ANSWER:**  The allegations in Paragraph 15 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Walgreens denies the allegations in Paragraph 15 of the Complaint, except admits that Plaintiff purports to bring claims under the New York Labor Law as a class action under Rule 23 of the Federal Rules of Civil

Procedure on behalf of the proposed class purportedly defined in this Paragraph of the Complaint. Walgreens denies that class treatment is appropriate in this case.

**16.      Hereinafter, members of the Class will be referred to as "Class Plaintiffs."**

**ANSWER:**  Defendant denies the allegations in Paragraph 16 of the Complaint, except admits that Plaintiff purports to bring her claims as a class action.  Defendant denies that class treatment is appropriate in this case.

**17.      The Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to the Plaintiff, and calculation of such number would require facts in the sole control of Defendants, upon information and belief the size of the Class is believed to be in excess of 3,000 individuals.  In addition, the names of all potential members of the Class are not known.**

**ANSWER:**  The allegations in Paragraph 17 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Walgreens denies the allegations in Paragraph 17 of the Complaint.

**18.      The Class Plaintiffs are manual workers as defined in the New York Labor Law, having spent more than 25% of their working time engaged in physical labor.**

**ANSWER:**  Defendant denies the allegations in Paragraph 18 of the Complaint.

**19.      A class action is superior to other available methods for the fair and efficient adjudication of this controversy.**

**ANSWER:**  The allegations in Paragraph 19 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Walgreens denies the allegations in Paragraph 19 of the Complaint.

**20.      Plaintiff has identified several causes of action applicable to the Class, including, but not necessarily limited to, Defendants': (a) failure to timely pay Class Plaintiffs all wages owed; and (b) failure to pay statutory wages for uniform maintenance.**

**ANSWER:**  The allegations in Paragraph 20 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Walgreens denies the allegations in Paragraph 20 of the Complaint.

21.    There is no conflict between Plaintiff and any other member of the Class.

**ANSWER:** The allegations in Paragraph 21 of the Complaint assert legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in Paragraph 21 of the Complaint.

22.    The questions of law and fact common to the Class predominate over any questions affecting only individual members.  These questions of law and fact include, but are not limited to, the following:

> a.  whether Plaintiff and Class Plaintiffs were required to wear uniforms during the course of their employment;
>
> b.  whether Defendant offered to launder or otherwise maintain Plaintiff's and Class Plaintiffs' uniforms free of charge and with reasonable frequency;
>
> c.  whether Plaintiff and the Class Plaintiffs earned the minimum wage;
>
> d.  the damages to which Plaintiff and Class Plaintiffs are entitled due to the Defendants' repeated delayed payment of wages under NYLL § 191(1); and
>
> e.  whether Plaintiff and Class Plaintiffs engaged in in manual labor.

**ANSWER:** The allegations in Paragraph 22 of the Complaint assert legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in Paragraph 22 of the Complaint, including all subparts.

23.    The Plaintiff's claims are typical of the claims of the class she seeks to represent.  Plaintiff and all of the Class members work, or have worked, in the State of New York for Defendants.  They all spent at least 25% of their time engaged in manual labor.

**ANSWER:** Except to admit that Plaintiff worked in the State of New York for Defendant, Defendant denies the allegations in Paragraph 23 of the Complaint.

24.    Plaintiff and Class Plaintiffs were all subject to Defendants' policies and willful practices regarding the payment of their wages, and thus, Plaintiff and Class Plaintiffs have sustained similar injuries as a result of Defendants' actions.

**ANSWER:** Defendant denies the allegations in Paragraph 24 of the Complaint.

25.     Upon information and belief, Defendants uniformly apply the same employment policies, practices, and all procedures to non-exempt hourly employees who work at Defendants' locations in New York State.

**ANSWER:**  Defendant denies the allegations in Paragraph 25 of the Complaint.

26.     Plaintiff understands that as class representative, she assumes a fiduciary responsibility to the Class to represent its interests fairly and adequately.  Plaintiff recognizes that as class representative, she must represent and consider the interests of the Class just as they would represent and consider their own interests.  Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the Class.  Plaintiff recognizes that any resolution of a class action must be in the best interest of the class.  Plaintiff understands that in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel, and testify at depositions and/or trial.

**ANSWER:**  Walgreens lacks information or knowledge sufficient to form a belief as to what Plaintiff "understands" or "recognizes," and, on that basis, denies the allegations in Paragraph 26 of the Complaint.

27.     The defenses that Defendants are likely to assert against the Plaintiff's claims are typical of the defenses that Defendants are likely to assert against the Class.

**ANSWER:**  Defendant denies the allegations in Paragraph 27 of the Complaint.

28.     Plaintiff and her counsel will fairly and adequately protect the interests of the Class.  The Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

**ANSWER:**     Walgreens admits that Plaintiff has hired counsel.  Walgreens lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding counsel's ability and experience in wage and hour class action litigation.  Walgreens denies all remaining allegations in Paragraph 28 of the Complaint.

29.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Although the relative damages suffered by individual Class members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation.  Plaintiff and the Class members lack the financial resources to adequately prosecute separate lawsuits against Defendants.  A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

**ANSWER:**  The allegations in Paragraph 29 of the Complaint assert legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in Paragraph 29 of the Complaint.

**30.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(1)(B) in that prosecuting separate actions by individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.**

**ANSWER:**  The allegations in Paragraph 30 of the Complaint assert legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in Paragraph 30 of the Complaint.

## FACTS

**31.     All of the below factual allegations are, upon information and belief, consistent among Plaintiff and all members of the Class.**

**ANSWER:**  Defendant denies the allegations in Paragraph 31 of the Complaint.

**32.     Plaintiff was employed by Defendants from approximately July 2018 through August 2019.**

**ANSWER:**  Defendant admits that Plaintiff was employed by Walgreens from approximately July 2018 through in or about August 2019.

**33.     Plaintiff was at all times during her employment with Defendant an hourly-paid employee of Defendant earning the applicable minimum wage.**

**ANSWER:**  Defendant admits that Plaintiff was paid on an hourly basis and was paid at least the applicable minimum wage for all hours worked.

**34.     Plaintiff performed work for Defendant in New York State.**

**ANSWER:**  Defendant admits that Plaintiff was employed by Walgreens in the State of New York.

**35.     Plaintiff was regularly scheduled for multiple shifts per week.**

**ANSWER:** Defendant admits that Plaintiff was at times scheduled to work more than one shift per week.

**36.     Plaintiff spent at least 25% of her time engaged in physical labor, including, but not limited to, checking inventory, stocking shelves, working the cash register, and other duties.**

**ANSWER:** Defendant denies the allegations in Paragraph 36 of the Complaint.

**37.     Plaintiff was at all times during her employment with Defendants a manual worker.**

**ANSWER:** Defendant denies the allegations in Paragraph 37 of the Complaint.

**38.     Throughout her employment with Defendants, Plaintiff was paid on a bi-weekly basis.**

**ANSWER:** Defendant admits that Plaintiff was paid on a bi-weekly basis while she was employed by Defendant.

**39.     New York Labor Law § 191 requires Defendants to pay manual workers employed in the State of New York "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned."**

**ANSWER:** The allegations in Paragraph 39 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Walgreens avers that New York Labor Law § 191 is a statute which speaks for itself and on that basis denies the allegations in Paragraph 39 of the Complaint.

**40.     Under NYLL § 191(1)(a)(i) & (ii), an employer may obtain authorization from the commissioner of labor to pay manual workers "in accordance with the agreed terms of employment, but not less frequently than semi-monthly."**

**ANSWER:** The allegations in Paragraph 40 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Walgreens avers that New York Labor Law § 191(1)(a)(i) & (ii) is a statute which speaks for itself and on that basis denies the allegations in Paragraph 40 of the Complaint.

41.     **Upon information and belief, Defendants are not authorized by the commissioner to pay manual workers, including the Plaintiff, on a bi-weekly basis.**

**ANSWER:** The allegations in Paragraph 41 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 41 of the Complaint.

42.     **Plaintiff was required to wear, and did wear, a uniform consisting of a shirt emblazoned with Defendant's logo.**

**ANSWER:**  The allegations in Paragraph 42 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, except to admit, upon information and belief, that Plaintiff at times wore a shirt upon which Defendant's logo appeared, Walgreens denies the allegations in Paragraph 42 of the Complaint.

43.     **At no time was Plaintiff ever paid uniform maintenance pay.**

**ANSWER:** The allegations in Paragraph 43 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Walgreens denies the allegations in Paragraph 43 of the Complaint.

44.     **Defendants' pattern of conduct was continuous throughout Plaintiff's employment.**

**ANSWER:**  Walgreens lacks knowledge or information sufficient to form a belief as to which "pattern of conduct" Plaintiff is referring.  In addition, the allegations in Paragraph 44 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 44 of the Complaint.

45.     **Defendants' unlawful conduct has been widespread, repeated, and consistent.**

**ANSWER:**  Walgreens lacks knowledge or information sufficient to form a belief as to which "unlawful conduct" Plaintiff is referring.  In addition, the allegations in Paragraph 45 of the

Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 45 of the Complaint.

**AS AND FOR A FIRST CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF AND THE CLASS**
**For Violation of the New York Labor Law – Timely Pay**

**46.    Plaintiff alleges and re-alleges all of the other paragraphs contained herein.**

**ANSWER:**  Walgreens incorporates its responses to the previous Paragraphs of the Complaint as though fully set forth herein.

**47.    The wage provisions of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff and the Class.**

**ANSWER:**  The allegations in Paragraph 47 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Walgreens denies the allegations in Paragraph 47 of the Complaint, except admits that it is subject to the New York Labor Law.

**48.    Plaintiff and the Class were manual workers as defined by the NYLL.**

**ANSWER:**  Defendant denies the allegations in Paragraph 48 of the Complaint.

**49.    Pursuant to the NYLL § 190 *et seq*. including, but not limited to §§190, 191, 193, 198, 650, and 652 the Defendants have willfully failed to pay Plaintiff wages for all hours worked in a timely fashion as set forth in the preceding paragraphs of this Complaint to Plaintiff.**

**ANSWER:**  Defendant denies the allegations in Paragraph 49 of the Complaint.

**50.    Defendants failed to timely pay Plaintiff and Class Plaintiffs the wages to which they are entitled under the NYLL and other supporting New York Department of Labor Regulations on a weekly basis.**

**ANSWER:**  Defendant denies the allegations in Paragraph 50 of the Complaint.

**51.    By Defendants' knowing and/or intentional failure to timely pay Plaintiff and Class Plaintiffs all wages and commissions, Defendants have knowingly violated the NYLL and other supporting New York Department of Labor Regulations.**

**ANSWER:**  Defendant denies the allegations in Paragraph 51 of the Complaint.

52.    Due to Defendants' violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendants 100% liquidated damages for each failure to timely pay wages, reasonable attorneys' fees, costs, and pre judgment and post-judgment interest.

**ANSWER:** Defendant denies the allegations in Paragraph 52 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF AND THE CLASS
## For Violation of the New York Labor Law – Uniform Maintenance Pay

53.    Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

**ANSWER:**   Walgreens incorporates its responses to the previous Paragraphs of the Complaint as though fully set forth herein.

54.    Defendants required that Plaintiff and the Class Plaintiffs wear uniforms consisting of a shirt emblazoned with Defendant's logo each shift.

**ANSWER:** The allegations in Paragraph 54 of the Complaint assert legal conclusions to which no response is required.   To the extent a response is required, Walgreens denies the allegations in Paragraph 54 of the Complaint.

55.    Plaintiff and the Class did wear the uniform each shift.

**ANSWER:** The allegations in Paragraph 55 of the Complaint assert legal conclusions to which no response is required.   To the extent a response is required, except to admit, upon information and belief, that Plaintiff at times wore a shirt upon which Defendant's logo appeared, Walgreens denies the allegations in Paragraph 55 of the Complaint.

56.    Plaintiff and the Class were earned the applicable minimum wage.

**ANSWER:** Defendant admits that Plaintiff and any purported class members were paid at least the minimum wage.

57.    At no time was Plaintiff ever paid uniform maintenance pay.

**ANSWER:**  The allegations in Paragraph 57 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Walgreens denies the allegations in Paragraph 57 of the Complaint.

**58.     Defendants did not maintain Plaintiff's and Class Plaintiff's required uniforms under the meaning of the New York Labor Law.**

**ANSWER:**  The allegations in Paragraph 58 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 58 of the Complaint.

**59.     Defendants did not, and did not offer to, launder the required uniforms free of charge and with reasonable frequency, and did not inform Plaintiff or Class Plaintiffs in writing of such service.**

**ANSWER:**  The allegations in Paragraph 59 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 59 of the Complaint.

**60.     Defendants' conduct is in violation of Article 19 of the New York Labor Law and its supporting regulations, including 12 N.Y.C.R.R. Part 142 the Minimum Wage Order for Miscellaneous Industries and Occupations.**

**ANSWER:**  Defendant denies the allegations in Paragraph 60 of the Complaint.

<u>**PRAYER FOR RELIEF**</u>

In response to the WHEREFORE clauses in the PRAYER FOR RELIEF section of Plaintiff's Complaint, Walgreens admits that Plaintiff seeks the relief identified in the WHEREFORE clauses of the Complaint, but denies that Plaintiff or anyone else is entitled to any type of remedy, relief, or damages of any kind, including the relief requested in Plaintiff's Prayer for Relief, and further denies the remaining allegations contained within these clauses.

## **ADDITIONAL DEFENSES**

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiff and/or the purported class, and expressly denying any and all wrongdoing, Walgreens alleges the following defenses to the Complaint.  Walgreens presently has insufficient knowledge or information to form a belief as to whether there are or may be additional defenses other than those stated below, and has not waived any applicable defenses or affirmative defenses.  Walgreens explicitly reserves the right to assert and rely upon such other defenses as may appear applicable as additional information becomes available during discovery proceedings or otherwise. Walgreens further reserves the right to amend its Answer and/or defenses accordingly, and/or to delete defenses that it determines are not applicable, as additional information becomes available during discovery proceedings or otherwise.

WHEREFORE, Defendant asserts the following defenses and prays for judgment as set forth below:

1.     Plaintiff's Complaint, in whole or in part, fails to include facts sufficient to state a claim upon which relief may be granted.

2.     Plaintiff's claims, and the claims of each putative class action member, or some of them, are barred in whole or in part by the applicable statutes of limitations, including but not limited to the statute of limitations set forth in NY Lab. L. § 198(3).

3.     Plaintiff's claims, and the claims of each putative class action member, or some of them, are barred in whole or in part by the doctrine of estoppel.

4.     Plaintiff's claims, and the claims of each putative class action member, or some of them, are barred in whole or in part because such claims have been waived, discharged, and/or abandoned.

5.      Plaintiff's claims, and the claims of each putative class action member, or some of them, are barred in whole or in part by the principles of accord and satisfaction, and/or payment.

6.      Plaintiff's claims, and the claims of each putative class action member, or some of them, are barred in whole or in part because said claims have been released by the individual(s) in question.

7.      Plaintiff's claims, and the claims of each putative class action member, or some of them, are barred in whole or in part because they have been timely paid all wages owed.

8.      Plaintiff's claims, and the claims of each putative class action member, or some of them, are preempted in whole or in part by federal law and/or the terms of applicable collective bargaining agreements.

9.      Plaintiff's claims, and the claims of each member of the putative class, or some of them, are barred in whole or in part as to all hours allegedly worked of which Defendant lacked actual or constructive knowledge.

10.      Plaintiff's claims, and the claims of each putative class action member, or some of them, are barred in whole or in part by the doctrine of laches.

11.      Plaintiff's claims, and the claims of each putative class action member, or some of them, are barred in whole or in part by their unclean hands and/or inequitable or wrongful conduct.

12.      Plaintiff's claims, and the claims of each putative class action member, or some of them, are barred in whole or in part because they have not appropriately or adequately mitigated their alleged damages or otherwise avoided harm.

13.      Plaintiff, and any other putative collective or class action member, or some of them, have sustained no damages or, if any, *de minimus* damages, which are not actionable under New York law.

14.     Plaintiff's claims, and those of each putative class action member, or some of them, are barred to the extent they have failed to comply with and/or violated any relevant or applicable Walgreens policies, procedures, rules, standards, or expectations.

15.     Plaintiff's claims, and those of each putative class action member, or some of them, fail because any actions of Walgreens were at all times taken in compliance with and/or as required by the laws of the United States and/or of the states which regulate Walgreens, and taken in good faith and with reasonable grounds for believing that any alleged acts and omissions were not in violation of the law.

16.     To the extent any of Walgreens' alleged actions or omissions were unlawful, which Walgreens expressly denies, no such actions or omissions constitute a willful violation, but rather were done in good faith, based on a reasonable belief that any such actions or omissions were in conformity with the law, and in reliance on the law.

17.     Plaintiff's claims cannot be properly joined with the claims of any other putative class member.

18.     Plaintiff is not entitled to certification of this action as a class action because the purported class is not so numerous that joinder of its members is impracticable, questions of law or fact are not common to the class, Plaintiff's claims are not typical of the claims or defenses of the purported class, Plaintiff will not fairly or adequately protect the interests of the class, and/or the requirements of Rule 23 of the Federal Rules of Civil Procedure are not met in this case.

19.     Plaintiff is an inadequate and atypical representative of the class she purports to represent and her interests are in conflict with those of the individuals she seeks to represent.

20.     The types of claims alleged by Plaintiff on behalf of herself and on behalf of the alleged class, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for class action treatment.

21.     Plaintiff's claims, and/or those of some or all of the members of the putative class she purports to represent are barred, in whole or in part, for lack of subject matter and personal jurisdiction.

22.     Plaintiff's claims, and the claims of each member of the putative class, or some of them, are barred in whole or in part to the extent they have failed to comply with and/or violated any relevant or applicable of Defendant's policies, procedures, rules, standards, or expectations.

23.     If any damages have been sustained by Plaintiff, or by any putative class action member, or some of them, although such is not admitted hereby or herein and is specifically denied, Walgreens is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiff or putative class action members owed to Walgreens against any judgment that may be entered against Walgreens.

24.     Plaintiff, and the members of the putative class whom she purports to represent, are barred from recovering penalties or liquidated damages pursuant to the New York Labor Law because:  (a) Plaintiff has failed to plead sufficient facts to support allegations of willfulness; and (b) neither Defendant nor any agent or employee of Defendant acted willfully in failing to pay wages allegedly due to Plaintiff or others.

25.     To the extent Plaintiff, members of the putative class and/or their representatives have executed agreements to arbitrate that encompass claims alleged in the Complaint, their claims are barred by their contractual agreement to arbitrate and may not be litigated in court.

26.     Walgreens is not liable to any Plaintiff or member of the putative class to the extent Walgreens was not the employer of those individuals and, therefore, is not a proper defendant for such claims.

27.     Plaintiff's claims, and those of the putative class she purports to represent, are barred in whole or in part because their regular rate of pay, less any alleged costs associated with laundering or maintaining their uniform, was at or exceeded the applicable New York minimum wage rate.

28.     Plaintiff's claims, and those of the putative class she purports to represent, are barred in whole or in part because the New York Hospitality Industry Wage Order ("HIWO") does not apply to their employment.

29.     Plaintiff's claims, and the claims of each member of the putative class, or some of them, are barred in whole or in part as to all whose employment was covered by the HIWO because the alleged "uniforms:" (a) were made of wash and wear materials; (b) may be washed and dried with other personal garments; (3) did not require ironing, dry cleaning, daily washing, commercial laundering, or other special treatment; and (d) were furnished to employees in sufficient number.

30.     If this Court were to certify this action as a class action, which it should not, any award of liquidated, multiple or punitive damages would deny Defendant the due process of law.

Walgreens reserves the right to assert such other and additional defenses that may appear and prove applicable during the course of this litigation.

WHEREFORE, having fully answered, Walgreens denies that Plaintiff is entitled to certification of Plaintiff's proposed class, and further denies that Plaintiff is entitled to the relief requested, or to any other relief.  Walgreens denies each and every allegation of the Complaint not heretofore specifically admitted.

WHEREFORE, Walgreens respectfully requests that:

1.      Plaintiff and/or any putative class action member take nothing by this action;

2.      Judgment be entered against Plaintiff and/or any putative class action member and

in favor of Walgreens on all causes of action;

3.      Walgreens be awarded its costs of suit incurred on this action;

4.      Walgreens be awarded attorneys' fees incurred herein; and

5.      The Court award such other and further relief as it deems just and proper.


Dated:  July 9, 2021                                 Respectfully submitted,

                                                     MORGAN, LEWIS & BOCKIUS LLP

                                                     By:   /s/  Christopher A. Parlo

                                                         Christopher A. Parlo
                                                         Ashley Hale
                                                         Elisa C. Egonu
                                                         101 Park Avenue
                                                         New York, NY 10178
                                                         T:  212.309.6000
                                                         F:  212.309.6001
                                                         christopher.parlo@morganlewis.com
                                                         ashley.hale@morganlewis.com
                                                         elisa.egonu@morganlewis.com

                                                         *Attorneys for Defendant Walgreens Co.*

20

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Defendant's Answer and Defenses to Plaintiff's Complaint was filed electronically with the Clerk of Court using the CM/ECF system, which will effectuate service upon all counsel of record in this Action.

 /s/  *Ashley J. Hale*